**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00370-CR**

_____

**CODY OQUINN COWARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 26093

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, Appellant Cody Oquinn Coward pleaded guilty to possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.116(d). The trial court found the evidence sufficient to find Coward guilty of possession of a controlled substance but deferred further proceedings and placed Coward on community supervision for six years.

1

Subsequently, prior to the expiration of the term of community supervision, the State filed a Motion to revoke Coward's community supervision. Coward pleaded "true" to violating certain terms of the community supervision order. The trial court found Coward guilty, revoked Coward's community supervision, and assessed punishment at seven years of confinement.

Coward's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous; he then filed a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 576 S.W.2d 807 (Tex. Crim. App. 1978). Coward was notified of his right to file a pro se brief, but he did not do so. The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. *See id.* at 827-28. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal.

*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on June 23, 2026
Opinion Delivered July 8, 2026
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[1] Coward may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.